**UNITED STATES COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

Case No.:

ABELARNINO VENTURA,

    Plaintiff,

vs.

EQUESTRIAN SPORT PRODUCTIONS
LLC, a Florida Limited Liability Company, and
MARK J. BELLISSIMO,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ABELARNINO VENTURA ("Mr. Ventura" or "Plaintiff"), by and through the undersigned attorneys, sue Defendants, EQUESTRIAN SPORT PRODUCTIONS LLC ("ESP"), and MARK J. BELLISSIMO ("Mr. Bellissimo") (collectively, "Defendants"), and allege the following:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA") against Defendants.

2. Plaintiff, Mr. Ventura, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant, ESP, is a limited liability company, with its principal place of address at 14440 Pierson Road, Wellington, FL 33414, and within the jurisdiction of this Court.

4. At all times material hereto, ESP operated as an equestrian show producer.

5. Defendant, Mr. Bellissimo, resides within the geographical jurisdiction of the Southern District of Florida, is over the age of 18 and is otherwise *sui juris.*

6. At all times material hereto, Mr. Bellissimo was the President of ESP and was responsible for its daily operations, including all payroll practices and decisions.

7. Mr. Bellissimo approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8. At all times material hereto, Plaintiff was employed by ESP and Mr. Bellissimo.

9. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10. Upon information and belief, ESP's gross annual revenues were in excess of $500,000.00 per year in the years 2017, 2018, and 2019, and will exceed the same in 2020.

11. At all relevant times, ESP has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, ESP (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2019. ESP has employed and/or continues to employ "employee[s]," including Plaintiff, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12. Therefore, based on the aforementioned, ESP was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13. At all times material hereto, Plaintiff, in performing his job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

14. Mr. Ventura was employed by ESP in the area of general landscaping labor from 2013 until April 2020. As such, for purposes of this lawsuit, Mr. Ventura is entitled to a look-back time period of August 4, 2017 – August 4, 2020.

15. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Plaintiff performed hours of service for ESP in excess of forty (40) hours during one or more workweeks, for which ESP failed to properly pay additional overtime premiums.

16. Rather than properly pay Plaintiff overtimes wages, as is mandated by law, ESP failed to pay Plaintiff for the overtime hours that he worked.

17. Plaintiff was not exempt from the right to receive the appropriate overtime pay under the FLSA.

18. Rather, Plaintiff solely performed non-exempt work, that is, Plaintiff's primary duties consisted of general labor and other non-supervisory roles.

19. Plaintiff was not free from supervision in connection with matters of significance such as project management or operations. Moreover, Plaintiff did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

20. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

21. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Plaintiff for those hours worked in excess of forty (40).

22. Since 2013, Defendants (1) employed Plaintiff; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Plaintiff in excess of forty (40) during one or more workweeks, for which ESP failed to properly pay additional overtime premiums.

23. In addition to an action to recover the unpaid wages and overtime compensation, this is also an action for a violation of the Families First Coronavirus Response Act – Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. § *5102, et. seq.* (2020) (hereinafter, "FFCRA").

24. Due to a positive test for COVID-19, Plaintiff was terminated from his employment on April 3, 2020.

25. Since that date, Defendants have ignored Plaintiff's repeated attempts to contact them regarding his paid sick leave and employment status.

26. To date, Defendants have failed and refused to pay Plaintiff for his sick leave.

27. To date, Defendants have terminated Plaintiff's employment.

28. After receiving express notice of Plaintiff's inability to work due to his experiencing COVID-19 symptoms and need to seek medical diagnosis, Defendants were required under the FFCRA to provide Plaintiff sick leave.

29. Plaintiff was entitled to two (2) weeks or eighty (80) hours of paid leave under the FFCRA which, under the circumstances herein, would have been through April 17, 2020.

30. Instead, Defendants discharged, disciplined, and/or otherwise discriminated against Plaintiff because of positive test and/or requires for leave under the FFCRA. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

31. The temporal proximity of Plaintiff's positive COVID-19 test and his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the FFCRA.

32. As a result of this illegal termination, Plaintiff suffered damages including loss of his opportunity to earn unemployment wages, benefits, and other remuneration to which he was entitled.

33. As a result of the foregoing, Defendants willfully violated the FFCRA, denied Plaintiff his protected paid sick leave rights, and retaliated against him for seeking leave during the COVID-19 global pandemic.

34. Defendants did not have a subjective or objective good faith basis for their actions, and Plaintiff is therefore entitled to liquidated damages.

**COUNT I**
**RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF ABELARNINO VENTURA AGAINST ALL DEFENDANTS**

35. ABELARNINO VENTURA re-alleges and reaffirms paragraphs 1 through 22 as if fully set forth herein.

36. This is an action for Unpaid Overtime on behalf of Mr. Ventura against all Defendants.

37. During Mr. Ventura's employment with ESP, he worked hours in excess of forty (40) for which he was not properly compensated.

38. Mr. Ventura was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

39. Mr. Ventura was never paid overtime for the hours he worked for ESP, from 2013 through the last date of his employment with ESP.

40. Mr. Ventura was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by ESP's failure to pay Mr. Ventura time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, ESP attempted to intentionally skirt federal law.

42. Defendants failed to properly disclose or apprise Mr. Ventura of his rights under the FLSA.

43. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Ventura.

44. Mr. Ventura is entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful, and unlawful acts of ESP, Mr. Ventura has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

46. Mr. Ventura is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

47. Mr. Ventura demands a trial by jury on all issues so triable.

## COUNT II
## UNPAID SICK LEAVE UNDER THE FFCRA

48. ABERARNINO VENTURA re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

49. This is an action for Unpaid Sick Lease under the FFCRA on behalf of Mr. Ventura against all Defendants.

50. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA.

51. At all times material hereto, Plaintiff was entitled to eighty (80) hours of paid sick leave under the FFCRA.

52. Defendants denied Plaintiff protected paid sick leave under the FFCRA.

53. Defendants have failed and refused to pay Plaintiff for eighty (80) hours of paid sick time.

54. As a result of Defendants' violation of the FFCRA, Defendants are considered to have failed to pay minimum wages in violation of the FLSA, 29 U.S.C. § 206.

55. Plaintiff is entitled to recover federal minimum wages for eighty (80) hours of unpaid sick time, in the amount of $580.00.

56. As a result of Defendants' willful violation of the FFCRA, Plaintiff is entitled to a total amount of $1,160.00 in liquidated damages in unpaid sick leave.

57. As a result of Defendants' willful and unlawful violation of the FFCRA, Plaintiff was required to retain the law firm of Pike & Lustig, LLP and is obligated to pay it a reasonable fee. Pursuant to the FFCRA, Plaintiff is entitled to recover his reasonable attorneys' fees and costs against Defendants.

**WHEREFORE**, Plaintiff, ABELARNINO VENTURA, respectfully requests that a judgment be entered against Defendants, EQUESTRIAN SPORT PRODUCTIONS LLC, and MARK J. BELLISSIMO:

   a. Declaring that Defendants have violated the FFCRA;
   b. Declaring that Defendants have violated the minimum wage provisions of 29 U.S.C. § 206;
   c. Awarding Mr. Ventura unliquidated damages is the amount of $580.00;
   d. Awarding Mr. Ventura liquidated damages in the amount of $580.00;
   e. Awarding Mr. Ventura reasonable attorneys' fees and costs and expenses of this litigation pursuant to the FFCRA and the FLSA;
   f. Awarding Mr. Ventura pre- and post-judgment interest; and

g. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

## COUNT III
## UNLAWFUL TERMINATION UNDER THE FFCRA

58. ABERLARNINO VENTURA re-alleges and reaffirms paragraphs 1 through 34 as if fully set forth herein.

59. This is an action for Unlawful Termination under the FFCRA on behalf of Mr. Ventura against all Defendants.

60. Defendants unlawfully discharged Plaintiff based upon Plaintiff's exercise of his rights under the FFCRA by terminating him for attempting to take his protected FFCRA paid sick leave during the COVID-19 global pandemic, and further unlawfully discriminated and/or disciplined Plaintiff for same.

61. At all times material hereto, Plaintiff was protected from unlawful discharge, discipline, or any other discriminatory manner taken against him under the FFCRA.

62. As a result of Defendants' violation of the FFCRA, Defendants are considered to be in violation of the retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

63. As a result of Defendants' willful violation of the FFCRA, Defendants are subject to the penalties under the FLSA, 29 U.S.C. § 216(b).

64. As a direct and proximate result of Defendants' willful conduct, Plaintiff has suffered loss of back pay, loss of future pay, loss of reputation in the community, and has been otherwise damaged in an amount to be proven at trial.

65. As a result of Defendants' willful violation of the FFCRA, Plaintiff is entitled to recover reinstatement to his prior position and/or recovery of lost future wages, recovery of his lost back wages to date, and an additional equal amount of lost wages in liquidated damages.

66. As a result of Defendants' willful and unlawful violation of the FFCRA, Plaintiff was required to retain the law firm of Pike & Lustig, LLP and is obligated to pay it a reasonable fee. Pursuant to the FFCRA, Plaintiff is entitled to recover his reasonable attorneys' fees and costs against Defendants.

**WHEREFORE**, Plaintiff, ABELARNINO VENTURA, respectfully requests that a judgment be entered against Defendants, EQUESTRIAN SPORT PRODUCTIONS LLC, and MARK J. BELLISSIMO:

a. Declaring that Defendants have violated the FFCRA;
b. Declaring that Defendants have violated the retaliation provision of 29 U.S.C. § 215(a)(3).
c. Awarding Mr. Ventura damages arising from his unlawful termination under the FFCRA to be paid by Defendants;
d. Awarding Mr. Ventura reasonable attorneys' fees and costs and expenses of this litigation pursuant to the FFCRA and the FLSA;
e. Awarding Mr. Ventura pre- and post-judgment interest; and
f. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 5th day of August 2020.

        Pike & Lustig, LLP
        */s/ Daniel Lustig*
        **Daniel Lustig**
        Florida Bar No.: 059225
        **Robert C. Johnson**
        Florida Bar No.: 116419
        1209 N. Olive Ave.
        West Palm Beach, FL 33401
        Telephone: (561) 855-7585
        Facsimile: (561) 855-7710
        Email: pleadings@pikelustig.com
        *Counsel for Plaintiff*